WRIGHT, J.
The first and third causes of demurrer depend upon the same principle and may be considered together. Whatever of title depends upon the general law, need not be specially set forth in pleading; the court ex officio, take notice of the law and apply it to any state of facts to which it is applicable. Besides, these are matters dehors the bond, and should come from the defendants.
The second cause of demurrer will fail, because we do not see wherein the condition of the bond is at variance with the law, and no variance is pointed out to us.
The fourth objection, that it nowhere appears that the defendant, Montgomery, was an applicant for relief under the insolvent laws, is answered by the declaration. The condition of the bond recited shows that the party was under arrest, and became obligated to appear at court, apply for a discharge under the insolvent law, &c., and the breach is, that he did not appear to file his petition, &c. Can the defendant set up this very omission to exonerate himself from his bond? If he performed the condition,he should plead it. The general allegation negativing the condition, is sufficient for the plaintiff in declaring. The law expressly provides, (29 O. L. 333) that the bond shall be forfeited, and suit may be brought.
The fifth point seems to embrace the main objection to the declaration. By our law, (29 O. L. 333, sec. 10) it is provided, that when the bond is forfeited, suit may be brought in the name of the commissioner, for the use of the creditors of the applicant, and the sums collected shall be distributed amongst the creditors pro rata. We do not understand the law as making it necessary to express the use in the suit, as a part of the proceedings. The commissioner is a public officer, and as such, is required to perform this duty of suing *750 and collecting. The sum collected, he holds as an officer and trus724] *tee for all the creditors, and the law directs him how to distribute. The suit is well brought without expressing an}’ use— the sum recovered swells the effects of the insolvent, which the commissioner holds, and is bound to distribute as trustee. But it is urged that a use is expressed for one creditor to the exclusion of all others. Not so. True, only one creditor is named — but non constat, there are others: if so, that is new matter which should have been pleaded by the defendants. The demurrer does not put it on the record. All these are questions between the commissioner and the creditors, in which the debtor and his sureties have no-interest. We doubt not the commissioner would be restrained from an improper distribution, and called to account on proper application; but this is not the time or place, nor is the defendant the person to see to it.
As to the sixth objection, we need only say, that it is the sealing and delivery of a bond that determines its obligation, not its being signed.
The demurrer is overruled, and the cause must go to a jury to assess what is due in equity.